UNITED STATES, Appellee

v.

Dennis R. SAVARD, Master Sergeant
U.S. Air Force, Appellant

No. 10-0334

Crim. App. No. 37346

United States Court of Appeals for the Armed Forces

Argued September 27, 2010

Decided November 8, 2010

STUCKY, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.


Counsel


For Appellant:  Dwight H. Sullivan, Esq. (argued); Lieutenant Colonel Gail E. Crawford and Major Anthony D. Ortiz (on brief); Colonel Eric N. Eklund and Major Shannon A. Bennett.

For Appellee:  Major Coretta E. Gray (argued); Gerald R. Bruce, Esq. (on brief); Colonel Don M. Christensen, Colonel Douglas P. Cordova, and Lieutenant Colonel Jeremy S. Weber.

Military Judge:  Mark L. Allred

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the military judge erred by failing to hold defense-requested pretrial hearings before ruling on Appellant's written motions. We hold that, when one of the parties so requests, Rule for Courts-Martial (R.C.M.) 905(h) requires that the military judge hold a hearing on a written motion. However, any error committed by the military judge in this case by not holding such hearings was harmless. We affirm the judgment of the United States Air Force Court of Criminal Appeals (CCA).

## I. Background

While stationed overseas in Korea and Japan, Appellant falsified several official documents indicating that his wife and child were living in California, when they were actually living in the Philippine Islands. Through use of one of those false documents, Appellant stole military property: allowances and entitlements. A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of six specifications of signing an official document with intent to deceive and two specifications of larceny. Articles 107 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 921 (2006). The convening authority approved the adjudged sentence: a bad-conduct discharge, confinement for twelve months, and reduction to the lowest enlisted grade. The CCA

affirmed.  United States v. Savard, No. 37346, 2010 CCA LEXIS

154, at *13, 2010 WL 4068964, at *15 (A.F. Ct. Crim. App. Jan.

19, 2010) (unpublished).

## II.  The Law

> At any time after the service of charges which have
> been referred for trial to a court-martial composed of
> a military judge and members, the military judge
> may . . . call the court into session without the
> presence of the members for the purpose of --
>
> (1) hearing and determining motions raising
> defenses or objections which are capable of
> determination without trial of the issues raised by a
> plea of not guilty.

Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006) (emphasis added);

see R.C.M. 905(h).  Although Article 39(a) does not require that

the military judge hold a hearing, R.C.M. 905(h) does:  "Upon

request, either party is entitled to an Article 39(a) session to

present oral argument or have an evidentiary hearing concerning

the disposition of written motions."

If a military judge errs by declining to grant an Article

39(a) session under R.C.M. 905(h), an appellant's convictions

"may not be held incorrect on the ground of an error of law

unless the error materially prejudices the substantial rights of

the accused."  Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006).

As this is a nonconstitutional error, the Government has the

burden of establishing that the error "did not have a

substantial influence on the findings."  United States v. Diaz,

United States v. Savard, No. 10-0334/AF

69 M.J. 127, 137 (C.A.A.F. 2010) (citing United States v. McCollum, 58 M.J. 323, 342 (C.A.A.F. 2003)). In evaluating errors to see if they are harmless, we have employed the Supreme Court's test from Kotteakos v. United States, 328 U.S. 750, 764 (1946): "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand . . . ." See, e.g., United States v. Yammine, 69 M.J. 70, 78 (C.A.A.F. 2010) (findings); United States v. Aleman, 62 M.J. 281, 284 (C.A.A.F. 2006) (sentencing).

## III. Depositions

In a March 21, 2008, e-mail and attached motion, Appellant moved to forbid the depositions of witnesses who resided in the Philippines. The basis for the motion was the costs Appellant would incur to fly his Florida-based civilian attorney to the Philippine Islands for the depositions. Appellant specifically asked that "the depositions not be permitted to occur unless and until its objection and motion can be heard and ruled on by the court (with civilian defense counsel appearing via telephone from the U.S. in an Article 39(a) session)." In the e-mail, Appellant's civilian defense counsel notified the military judge that he would make himself "available via telephone for an Article 39(a) session at the court's earliest convenience."

By order issued on the same day, the military judge denied the request for an Article 39(a) session and denied the request to enjoin the prosecution from conducting the depositions. The depositions were conducted. At trial, the military judge conducted an Article 39(a) hearing and ruled that the depositions were admissible.

By timely and specifically requesting the Article 39(a) hearing, Appellant preserved this issue for appeal. In light of the compulsory language of R.C.M. 905(h), we conclude that the military judge erred by refusing to hold the requested Article 39(a) session before rendering his decision to deny the defense motion to enjoin the Government from deposing witnesses in the Philippines.

Appellant has not suggested what, if anything, he would have presented at an Article 39(a) session that would have convinced the military judge to find that there was "good cause" to enjoin the prosecution from proceeding with the depositions. Nor has Appellant asserted before this Court that the military judge erred in admitting the depositions into evidence, or even attempted to show prejudice from anything contained therein. We conclude that there is no possibility that the military judge's erroneous decision in denying the hearing could have adversely influenced his decision or the outcome of the case.

## IV.  Voir Dire Questionnaire

On March 13, 2008, almost a month before trial, Appellant's civilian counsel, located in Florida, sent a motion via e-mail to the military judge in Japan, asking that the detailed court members be ordered to answer written voir dire questions.  The motion did not include a request for an Article 39(a) session.  The military judge denied the motion the same day, concluding that Appellant had not made the requisite showing of particularized need to warrant granting the motion.  Appellant filed a motion for reconsideration on March 26, 2008, that included a request for an Article 39(a) session.  Without holding an Article 39(a) session on this issue, the military judge informed the parties on March 27, 2008, that he had reconsidered the motion but determined that his original ruling would stand.

At trial, on May 13, 2008, before empaneling the members, the military judge conducted an Article 39(a) session.  All documents pertaining to this motion were marked and attached to the record of trial.  The military judge reviewed the questionnaire and advised Appellant's civilian defense counsel which questions he would be permitted to ask.  On appeal, Appellant has not objected to the military judge's decisions concerning the voir dire questions.

Under these circumstances, we need not decide whether the failure to hold the Article 39(a) session on a motion to reconsider was error as neither party briefed the issue and, if it was error, it was harmless.  Appellant has not objected to the military judge's rulings, and, other than speculating that the court members would answer more fully and truthfully in writing, has not established a particular need for written questions in this case.  The military judge's failure to call an earlier Article 39(a) session did not affect his decision nor adversely influence the court members or the outcome of the case.

## V.  Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.