# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, SIMS, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ROBERT L. CONRADY**
**United States Army, Appellant**

ARMY 20080534

Headquarters, Joint Readiness Training Center and Fort Polk
Victor L. Horton, Military Judge
Colonel James D. Key, Staff Judge Advocate

For Appellant:  William E. Cassara, Esquire (argued); Captain Sarah E. Wolf, JA; William E. Cassara, Esquire (on brief); Captain Michael E. Korte, JA; William E. Cassara, Esquire (on reply brief).

For Appellee:  Captain Stephen E. Latino, JA (argued); Colonel Michael E. Mulligan, JA; Lieutenant Colonel Martha L. Foss, JA; Major Christopher B. Burgess, JA; Major Lynn I. Williams, JA (on brief).

30 March 2011

------------------------------------
OPINION OF THE COURT
------------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of rape of a child under the age of twelve, one specification of sodomy with a child under the age of twelve, one specification of assault consummated by a battery upon a child under the age of sixteen, and three specifications of indecent acts with a child, in violation of Articles 120, 125, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928, and 934 [hereinafter UCMJ].   The military judge sentenced appellant to thirty-five years of confinement and a dishonorable discharge.  The convening authority approved a sentence to confinement of thirty-four years and nine months and a dishonorable discharge.  The convening authority also credited appellant with 304 days of credit toward the sentence to confinement.  This case is under review before this court pursuant to Article 66(c), UCMJ.

Appellant raised three assignments of error to this court:

I.

THE EVIDENCE IS LEGALLY AND FACTUALLY
INSUFFICIENT TO SUPPORT THE FINDINGS OF
GUILTY FOR RAPE IN SPECIFICATIONS 1 AND 2 OF
CHARGE I; SODOMY WITH A CHILD IN
SPECIFICATION 3 OF CHARGE II; INDECENT ACTS
WITH A CHILD IN SPECIFICATIONS 2, 6, AND 7 OF
CHARGE III; AND ASSAULT CONSUMMATED BY A
BATTERY ON A CHILD IN THE SPECIFICATION OF
CHARGE IV.

II.

THE MILITARY JUDGE ABUSED HIS DISCRETION IN
ADMITTING AN IMAGE OF CHILD PORNOGRAPHY
AS MILITARY RULE OF EVIDENCE 414 EVIDENCE.

III.

THE MILITARY JUDGE ERRED TO THE
SUBSTANTIAL PREJUDICE OF APPELLANT BY
DENYING THE DEFENSE REQUEST FOR EXPERT
ASSISTANCE IN THE FIELD OF POLICE
INVESTIGATIONS, THEREBY DENYING APPELLANT
A FAIR TRIAL.

We find the second assignment of error warrants discussion. The military judge did commit error in admitting an image of child pornography under Military Rule of Evidence [hereinafter Mil. R. Evid. ] 414(d)(2). However, because we find that error was harmless, no relief is warranted.

**FACTS**

Appellant was convicted at a general court-martial for raping his two stepdaughters, sodomizing his biological son, and committing indecent acts against both his biological son and biological daughter. Prior to appellant's court-martial in this case, he had been convicted pursuant to his pleas in a 2005 court-martial of disobeying a lawful order by wrongfully possessing child and adult pornography, and wrongfully receiving materials containing images of child pornography through interstate or foreign commerce.

CONRADY—ARMY 20080534

At a pretrial Article 39(a), UCMJ session, the government sought to introduce the record of trial and results of trial from appellant's previous court-martial. The military judge denied the motion to admit the entire record of trial, but did find the underlying conduct and evidence was relevant under Mil. R. Evid. 414(d)(1) and (2)[1] and admissible, subject to the government laying a proper foundation. After taking specific note of Mil. R. Evid. 414(d)(1) and (2), the military judge found appellant's "previous offenses of violation of Article 134 of the UCMJ for knowingly and wrongfully receiving materials containing images depicting minors via Interstate Foreign Commerce through the Internet in violation of [18 U.S.C. §2252A(a)(2)(B)] . . . is a conviction of child molestation under the federal law; and therefore, the . . . threshold for admitting the evidence pursuant to [Mil. R. Evid.] 414(a) has been met by the government."

In order to lay a foundation, the government called as a witness a former soldier who deployed with appellant and saw images of child pornography on appellant's computer. The witness identified one of the images admitted as evidence in appellant's prior court-martial as an image appellant possessed in Iraq and that the witness personally viewed on appellant's computer. The military judge found the government laid the proper foundation for that image. The military judge further conducted a balancing test under Mil. R. Evid. 403 and determined that the image's "probative value [was] extremely high" and that its probative value was not "substantially outweighed by the danger of unfair prejudice." The military judge marked the image Prosecution Exhibit (PE) 14 and admitted it into evidence.

After the military judge admitted PE 14, the government also moved to admit PE 15, 16, 17, and 18 into evidence. Prosecution Exhibit 15 consisted of appellant's Rights Warning Procedure/Waiver Certificate given to appellant upon suspicion of "possession of child pornography," dated 25 October 2004 at 0730. Prosecution Exhibit 16 consisted of appellant's Rights Warning Procedure/Waiver Certificate given to appellant upon suspicion of "child molestation/child abuse," dated 25 October 2004 at 1010. Prosecution Exhibit 17 is a sworn statement appellant provided to United States Criminal Investigation Division Command Special Agent Robert C. Blalock on 25 October 2004 at 1045. Prosecution Exhibit 18 is an image of child pornography. Defense counsel ultimately withdrew objection to PE 15 through 18, citing as grounds discussion with his client, interview of the witness, and the evidentiary rule on admissions by party opponents.

---

[1] Military Rule of Evidence 414(d)(1) defines an act of child molestation as one that involves "any sexual act or sexual contact with a child proscribed by the Uniform Code of Military Justice, Federal law, or the law of a State." Military Rule of Evidence 414(d)(2) is almost identical except that it refers to "any sexually explicit conduct with children." *Id.* at (d)(2).

3

## LAW AND DISCUSSION

### *Admission of Prosecution Exhibit 14*

Ordinarily, evidence of other crimes, wrongs, or acts is not admissible in a trial to prove an accused has a propensity to commit a charged offense.  Mil. R. Evid. 404(b).  However, in child molestation cases, "evidence of the accused's commission of one or more offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."  Mil. R. Evid. 414(a).

We review a military judge's decision to admit evidence for an abuse of discretion.  *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010).  However, the threshold question with respect to the admissibility of the evidence—whether appellant's possession of the evidence in question constitutes evidence that appellant committed another offense of "child molestation" under Mil. R. Evid. 414—is a question of law that we review de novo.  *United States v. Yammine*, 69 M.J. 70, 73 (C.A.A.F. 2010).

In *Yammine*, the Court of Appeals for the Armed Forces considered whether possession of filename evidence associated with child pornography qualified as an offense of "child molestation" under Mil. R. Evid. 414.  For an offense to qualify as child molestation under Mil. R. Evid. 414(d)(2), that offense must occur with a child or with children.  Citing *United States v. Miller*, 67 M.J. 87, 90-91 (C.A.A.F. 2008), the court found "for an offense to occur 'with' a child, or 'with' children, conduct must be in the physical presence of a child or children."  *Yammine*, 69 M.J. at 76.  As such, possession of filenames suggestive of child pornography does not qualify as a child molestation offense sufficient for Mil. R. Evid. 414.  *Id.*

In this case, the military judge found that simple possession or receipt of child pornography in interstate or foreign commerce qualified as "child molestation" under Mil. R. Evid. 414(a) because it constituted a violation of federal law.  Based on the guidance provided in *Yammine* as discussed above, we disagree.  No evidence was presented that appellant's possession of child pornography occurred "in the physical presence of a child or children."

However, this does not end our analysis.  We must also determine de novo whether possession of the image in question constitutes "an offense of child molestation."  Military Rule of Evidence 414(d)(5) includes as punishable under the UCMJ an act that involved "deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child."  We find appellant's possession of PE 14 qualifies as an offense of child molestation because it falls squarely within the definition of Mil. R. Evid. 414(d)(5).

4

While our superior court noted that "possession or attempted possession of the child pornography" in *Yammine* did not "fall within any defined instance of 'child molestation,'" the court did not hold that it never could. *Yammine*, 69 M.J. at 75. "We do not suggest that possession of particular child pornography could not ever fall within [Mil. R. Evid.] 414(d)(5)." *Id.* In fact, the court acknowledged "the infliction of death, bodily injury, or physical pain on a child . . . may and undoubtedly does occur in the creation of much child pornography . . ." *Yammine*, 69 M.J. at 76 (internal quotations and citations omitted). Yet the court went on to caution that "infliction of death, bodily injury, and physical pain are specific and delimiting terms." *Id.* (internal quotations omitted). We find in this case, that the image depicted in PE 14 fits within the specific terms listed in Mil.R.Evid. 414(d)(5).

The image itself is quite graphic and disturbing and we must describe it in detail to demonstrate how it fits within the provisions of Mil. R. Evid. 414(d)(5). Prosecution Exhibit 14 depicts a female minor being pinned on her back to the floor by two individuals, an adult male and a mature female. The adult male is grabbing the left thigh of the female minor with his left hand, and grabbing the head and hair of the female minor with his right hand, forcing the minor's mouth onto his erect penis. The mature female is forcibly holding down the inner thighs of the minor while deeply inserting into the vagina of the minor a prosthetic penis strapped around the mature female's waist with a harness. The minor's left hand is pinned beneath the buttocks of the adult male, and her right hand is clenching the edge of a sleeping bag upon which she is being violated. We find this photo clearly depicts a female minor in pain within the meaning of Mil. R. Evid. 414(d)(5). The minor's forcibly pinned limbs, the vaginal penetration, the adult male's forcing of her mouth onto his erect penis by grabbing her head and hair, and the minor's clenched right fist allow for no other characterization than a minor child in pain.

We further find that both appellant's possession of this image saved on his personal computer and his admission in PE 17 showed that he "derived sexual pleasure or gratification" from the acts depicted in PE 14. As a result, we find any error by the military judge in admitting PE 14 under Mil. R. Evid. 414(d)(1) or (2) harmless because the evidence was admissible under Mil. R. Evid. 414(d)(5). *See United States v. Davis*, 65 M.J. 766, 773 (Army Ct. Crim. App. 2007), *pet. for rev. denied*, 66 M.J. 380 (C.A.A.F. 2008) (Though the military judge erred in considering appellant's statements from the guilty plea inquiry in deciding admissibility of propensity evidence on contested specifications, the error was harmless beyond a reasonable doubt because "the actual admission of the evidence was not error . . . the military judge was correct in his ruling but wrong in the methodology he used to reach it.")

5

### *Admission of Prosecution Exhibit 18*

Although not raised by counsel, we also find the military judge erred in admitting PE 18.[2] We note appellant preserved his Mil. R. Evid. 414 objection to this evidence. As with PE 14, based on *Yammine*, Mil. R. Evid. 414 (d)(1) and (2) do not allow for admission of this photo. Additionally, PE 18 does not meet the requirements of Mil. R. Evid. 414 (d)(5). Thus, we find the military judge erred in admitting it.

We now must determine whether appellant suffered any prejudice as a result of the erroneously admitted evidence. We find no prejudice. *See* UCMJ art. 59(a). We analyze claims of prejudice from an evidentiary ruling by weighing four factors: "(1) the strength of the Government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question." *United States v. Kerr*, 51 M.J. 401, 405 (C.A.A.F. 1999) (citations omitted).

Applying the factors set out in *Kerr*, we find the erroneously admitted evidence did not have a substantial influence on the findings of guilty. Even without the erroneously admitted evidence, the government's case was very strong. Four separate witnesses—two separate sets of unrelated children[3]—testified as to the sexual abuse they had endured at appellant's hands. On the other hand, the defense case was significantly less substantial.

As to the materiality and quality of the evidence in question, we conclude any prejudicial effect on appellant's conviction was minimal, at best. The admission of a second image of child pornography was cumulative and provided little evidentiary value. Thus, we conclude the erroneously admitted evidence resulted in no prejudice in the prosecution of the case against appellant.

---

[2] The military judge also admitted PE 15, 16, and 17 at the same time he admitted PE 18. Based on our de novo review, we find PE 17 to be properly admitted under Mil. R. Evid. 401, 402, and 403 as an admission by a party opponent under Mil. R. Evid. 801, as it provides probative evidence on the merits of the government's case against appellant. Prosecution Exhibit 17 is further admissible to support the admission of PE 14, the Mil.R.Evid. 414 evidence we have deemed admissible. Prosecution Exhibit 17 provides probative evidence that appellant "derived sexual pleasure or gratification" from the acts depicted in PE 14 and PE 15 and 16 have foundational relevance for appellant's sworn statement. Thus, we find PE 15, 16, and 17 to be properly admitted. *See Davis*, 65 M.J. at 773.

[3] Appellant's biological children, R.C. and S.C., were siblings, lived with appellant and his wife, and both testified against appellant. Appellant's stepchildren, Ke.G. and Ka.G, were also siblings but lived with their father.

CONRADY—ARMY 20080534

## CONCLUSION

We have reviewed the matters personally raised by the appellant under *United States v.* Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit. The findings of guilty and sentence are AFFIRMED.

Judge SIMS and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7