BAKER, Chief Judge
(concurring in part and dissenting in part):
I join Part III.B. of the majority’s opinion. As drafted, the specifications charge the same conduct, especially since the Government chose to allege the conduct as having occurred on “divers occasions.” That means that the Government was not charging separate and discrete acts as the lower court concluded, but instead incorporated all the acts in question into each specification. In short, as the majority opinion concludes, these two offenses were charged for contingencies of proof. As a result, I agree with the decision to set aside the wrongful sexual contact specification.
However, the Court having set aside the specification at issue, there seems no need to address waiver or to determine whether in this ease, wrongful sexual contact was a lesser included offense of abusive sexual contact. Given the legal uncertainty created by our lesser included offense jurisprudence at the time of Appellant’s trial, I would not hold in this circumstance that defense counsel knowingly waived the issue of multiplicity. First, there is a presumption against constitutional waiver, which applies in the case of multiplicity founded as it is on double jeopardy. Second, a succession of eases leading up to the time of Appellant’s trial provided anything but clarity as to whether or not wrongful sexual contact was a lesser included offense of abusive sexual contact. See United States v. Arriaga, 70 M.J. 51, 55 (C.A.A.F.2011) (housebreaking under Article 130, UCMJ, is lesser included offense of burglary under Article 129, UCMJ); United States v. McMurrin, 70 M.J. 15, 18 (C.A.A.F.2011) (negligent homicide under Article 134, UCMJ, is not lesser included offense of involuntary manslaughter under Article 119, UCMJ); United States v. Girouard, 70 M.J. 5, 9 (C.A.A.F.2011) (negligent homicide under Article 134, UCMJ, is not lesser included offense of premeditated murder under Article 118, UCMJ); United States v. Alston, 69 M.J. 214, 216 (C.A.A.F.2010) (aggravated sexual assault under Article 120, UCMJ, is lesser included offense of rape by force under Article 120, UCMJ); United States v. Yammine, 69 M.J. 70, 76-77 (C.A.A.F.2010) (indecent acts with a child under Article 134, UCMJ, is not lesser included offense of forcible sodomy under Article 125, UCMJ); United States v. Jones, 68 M.J. 465, 473 (C.A.A.F.2010) (indecent acts under Article 134, UCMJ, is not lesser included offense of rape under Article 120, UCMJ). In such circumstance, it is hard to conclude that any waiver would be knowing even if there had been an affirmative waiver — but there was not. Finally, the military judge implied that the issue was preserved when he told counsel, “it is reasonable that if there’s a conviction on both, both should go up to the Appellate Court to deal with given the state of the law with Article 120 that we’ve discussed here.” It is, therefore, little wonder why the parties at trial and the military judge seemed confused about the issue.
Under the circumstances, it is not clear why the majority is reaching so hard to find waiver in a case in which the Court’s unanimous decision renders the issue moot.