UNITED STATES, Appellee,

v.

David R. HENLEY, Sr., Captain,
U.S. Air Force, Appellant.

No. 99–0094.
Crim.App. No. 32551.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 20, 1999.

Decided Aug. 31, 2000.

COX, S.J., delivered the opinion of the Court, in which CRAWFORD, C.J., and GIERKE and SULLIVAN, JJ., joined. EFFRON, J., filed an opinion concurring in part and in the result.

For Appellant: *Robert Estrada* (argued); *Lieutenant Colonel Jeanne M. Rueth* and *Captain Tishlyn Taylor* (on brief); *Colonel Douglas H. Kohrt.*

For Appellee: *Captain Mitchel Neurock,* USAFR (argued); *Colonel Anthony P. Dattilo* and *Lieutenant Colonel Ronald A. Rodgers* (on brief); *Captain Steven D. Dubriske.*

Senior Judge COX delivered the opinion of the Court.

Appellant was tried by a general court-martial comprised of officer members on April 24–26, June 17–21, and June 24, 1996. He was convicted, contrary to his pleas, of violating Articles 125, oral sodomy (1 specification); 133, conduct unbecoming an officer (1 specification); and 134, indecent acts (2 specifications), Uniform Code of Military Justice, 10 USC §§ 925, 933, and 934, respectively. Appellant was sentenced to be confined for 6 years and dismissed from the Air Force. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed, granting partial relief in accordance with *United States v. Gorski,* 47 MJ 370 (1997). *See* 48 MJ 864 (1998).

We granted review of the following issues:

I. WHETHER ALLOWING EVIDENCE OF OTHER SEXUAL MISCONDUCT TO SHOW PROPENSITY UNDER FED.R.EVID. 413 OR 414 VIOLATES THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE CONSTITUTION.

II. WHETHER THE MILITARY JUDGE ERRED IN ADMITTING EVIDENCE OF UNCHARGED SEXUAL MISCONDUCT UNDER FED. R.EVID. 413 OR 414, EVEN THOUGH APPELLANT WAS CHARGED PRIOR TO THE EFFECTIVE DATE OF THESE RULES.

III. WHETHER THE MILITARY JUDGE ERRED IN DENYING THE

DEFENSE MOTION TO SUPPRESS EVIDENCE SEIZED FROM APPELLANT'S HOUSE AND THE CONFESSION MADE BY APPELLANT WHEN CONFRONTED WITH THAT EVIDENCE.

IV. WHETHER THE MILITARY JUDGE ERRED IN DENYING THE CHALLENGE FOR CAUSE AGAINST LT COL KIM MAURER.

V. WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUPPORT A FINDING OF GUILTY OF CONDUCT UNBECOMING AN OFFICER, CHARGE III AND ITS SPECIFICATION.

VI. WHETHER APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

### Facts

All of the offenses for which appellant stands convicted arose out of appellant's sexual abuse of his natural children –one son and one daughter—which started when his son was approximately 4 or 5 years old and his daughter was 11 or 12 years old. The abuse continued until each was about 16 or 17 years of age.

During the course of the trial, there was questioning about prior, uncharged sexual abuse offenses that occurred outside of the statute of limitations. The testimony was offered under more than one theory. The Government originally sought to offer it as either evidence of similar sexual offenses under Fed.R.Evid. 413 or as evidence of child molestation under Fed.R.Evid. 414.* The military judge ruled that this evidence was admissible under Rule 414, as well as under Mil.R.Evid. 404(b), Manual for Courts–Martial, United States (1995 ed.).

### Discussion

#### I. Evidence of Prior Misconduct

■ Issues I and II ask whether Rules 413 and 414 permit the admission of testimo-

---

* See United States v. Wright, 53 MJ 476, 478 (2000). Rules 413 and 414 became applicable to the military at the same time.

ny of the victims about sexual abuse that occurred outside the statute of limitations. The military judge overruled the defense objection to the evidence, finding it to be admissible. He stated:

I find that the prior acts of sexual abuse contained in the statements of [J] and [D] are admissible under Military Rule of Evidence 414 [sic]. Further, I find that this evidence would also be admissible under Military Rule of Evidence 404(b) to prove scheme, plan, motive, and preparation.

As he did below, appellant attacks here the admission of the evidence under Rule 414 on several grounds, including that Rule 414 is unconstitutional, at least as it pertains to appellant. The Court of Criminal Appeals resolved the issue on the basis of Mil.R.Evid. 404(b). 48 MJ at 870–71. That court reasoned that there was no need to address the Rule 414 question.

■ We review the military judge's ruling on the admissibility of evidence under an "abuse of discretion" standard. United States v. Acton, 38 MJ 330, 332 (CMA 1993). We agree with the approach taken by the Court of Criminal Appeals. The testimony of the victims regarding uncharged sexual abuse was admissible as "other crimes, wrongs, or acts" under Mil.R.Evid. 404(b).

In any event, we have recently resolved the questions raised by appellant concerning the applicability and scope of Mil.R.Evid. 413 and 414. See United States v. Wright, 53 MJ 476 (2000). Applying that rationale to the facts of this case, we would readily conclude that this evidence was admissible to show appellant's similar sexual molestation of his children.

#### II. Admissibility of Seized Evidence and Derivative Confession

■ The sexually explicit material introduced against appellant was seized as a result of a search warrant issued by a Texas magistrate. Following the seizure, appellant made some admissions (the confession), which were used against him at trial. He

now contends that the magistrate's warrant must fail because it was not based upon probable cause. He further contends that his confession must also be suppressed as it resulted from the illegal search warrant.

At trial and on appeal, the defense has consistently attacked the warrant on the basis that the information provided to the magistrate was stale and incomplete. The information relied upon by the magistrate was expert testimony and affidavits from appellant's son and daughter that, over the course of several years, appellant had shown them pornographic materials in the form of videotapes and magazines in order to arouse them. Moreover, both children alleged that they had seen the materials since the time they had been used to facilitate the abuse.

At trial, appellant argued that the Texas search warrant was fatally flawed because the magistrate had been denied a critical fact. There was no evidence that the pornographic materials being sought by the warrant had been seen in the 5 years prior to the execution of the victims' affidavits regarding the materials. Furthermore, there was no evidence that the materials being sought had ever been seen in the Texas home of appellant. Under these circumstances, appellant argues the warrant was not properly based upon probable cause and must be held invalid.

Pretrial, the military judge considered whether the warrant was properly issued. After evaluating the evidence, the judge decided as follows:

> The defense motion, simply stated, is based upon the position that the information provided by the children was stale. Staleness is a factor appropriate for a magistrate in evaluating probable cause. However, it is only one factor to be evaluated. In light of all of the information contained in the affidavit provided to Judge Cate, and all of the information provided to Judge Cate, including the information in the treatise relied upon and related to Judge Cate in the affidavit, the sworn statements of [J] and [D], and even without the statement provided by Lieutenant Colonel Slicner, probable cause existed to believe that some of the sexually explicit materials allegedly used by the accused in performing the various sexual activities alleged, would be found in the residence in Live Oak, Texas.

■ Our standard of review of this issue is whether the magistrate had substantial evidence in the record to support his decision issuing the search warrant. *See United States v. Monroe,* 52 MJ 326, 331 (2000).

First, based upon the information presented to the magistrate, we agree with the military judge that the magistrate "had a substantial basis for concluding that a search [of appellant's home] would uncover evidence of wrongdoing." Perhaps the magistrate would not have been persuaded to issue the warrant had he known that there was no evidence the materials had been seen in the last 5 years. However, we are not free to speculate but must review the record presented to the magistrate.

We hold the military judge did not abuse her discretion. First, under the totality of the circumstances presented to the magistrate, as set forth by the military judge, there was probable cause to issue the warrant. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We agree, therefore, with the Court of Criminal Appeals that the military judge did not err by denying the motion to suppress the fruits of the search or the admissions made by appellant subsequent to the search.

■ However, even if the warrant was not based upon probable cause, the evidence could be admitted under the "good faith" exception to the warrant requirement. *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); *United States v. Lopez,* 35 MJ 35 (CMA 1992). The agents believed they were executing a valid warrant and did not act outside of the scope of the warrant they possessed. The items seized were encompassed by the description in the warrant. Thus, the agents reasonably believed these items were seized under the authority of a lawfully issued search warrant. Therefore, this evidence was properly admitted.

## III. *Denial of Challenge for Cause*

LtCol Maurer was asked probing questions during voir dire about his friendship with two individuals who were victims of sexual abuse. Neither friend was abused as a child. LtCol Maurer stated that he could disregard any knowledge of his friends' situations and that he could judge whether appellant was guilty solely on the evidence presented. The defense counsel also challenged LtCol Maurer because he stated that he believed someone with an extensive collection of pornography probably had a "fixation or something of that nature." He also stated, however, that he would not convict anyone of a sexual offense solely because they possessed large quantities of pornography. The military judge denied the defense challenge for cause.

We review the military judge's denial of a challenge for cause for an abuse of discretion. *United States v. Schlamer*, 52 MJ 80, 93 (1999).

RCM 912(f)(1)(N), Manual, *supra*, requires a military judge to excuse a member "whenever it appears that the member … [s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." The question of impartiality is largely concerned with whether the member can judge the case on the evidence and the law, and not on preconceived notions of how the case should be decided—commonly referred to as either "actual" or "implied" biases. *United States v. Napoleon*, 46 MJ 279, 283 (1997). Whether a member is actually biased is most often a judgment call for the military judge, based upon the answers the member gives to voir dire questions and the demeanor and credibility of the member. *Schlamer, supra*, citing *United States v. Napoleon, supra; United States v. Jefferson*, 44 MJ 312, 321 (1996).

We see nothing in the record before us that causes us to conclude that the military judge abused her discretion in denying the challenge of this member based upon his actual bias. Furthermore, we are satisfied that the judge did not err in refusing to excuse the member because of any "implied bias." There is a substantial difference between a court member who has "friends" who were victims or who may know a victim of a crime and a member who may have had "family" as a victim of a crime. *Compare United States v. Jefferson, supra, United States v. White*, 36 MJ 284 (CMA 1993), and *United States v. Daulton*, 45 MJ 212 (1996).

## IV. *Legal Sufficiency of the Evidence*

The conduct unbecoming an officer charge was based upon appellant's possession of sexually explicit material depicting male and female genitalia and magazines with pictures of naked children and adolescents, in his unlocked, government desk. Appellant argued at trial that he was not placed on notice that this was a criminal offense. Here, on appeal, appellant is arguing that these facts are legally insufficient to support the charge of conduct unbecoming an officer.

We disagree. It is without question that, under the circumstances of this case, a rational finder of fact could conclude that possession of the nude photographs of children and adolescents brings disgrace upon an officer of the armed forces. *United States v. Hartwig*, 39 MJ 125 (CMA 1994); *United States v. Maxwell*, 45 MJ 406 (1996).

The evidence in this case was presented to the members with proper instructions. Members are presumed to follow the law when properly instructed. The evidence was legally sufficient to support the charge of conduct unbecoming. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## V. *Ineffective Assistance of Counsel*

Appellant contends that his trial defense counsel were deficient in the following particulars:

(1) They failed to push for a trial date before the effective date of Rules 413 and 414, and did not challenge their effective date at trial.

(2) They failed to call a potential alibi witness, Chris Hannon, who would allegedly testify that he was around appellant's son one summer and that his son

did not register a claim of sexual abuse at this time.

(3) They did not offer pictures or measurements of a glove box in a van to show why pornographic magazines could not have been kept in this compartment. This testimony would have allegedly contradicted appellant's son's testimony that these magazines were used from this location on one occasion.

(4) They prevented appellant from giving the unsworn statement that appellant wanted to give during sentencing.

After a careful review of the record, we conclude that the Court of Criminal Appeals correctly evaluated appellant's claims. 48 MJ at 872–73. Appellant has offered nothing more to show how counsels' performance was deficient. See *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Nor has he raised any unresolved questions of fact concerning his claim, which would require further proceedings. *United States v. Ginn*, 47 MJ 236 (1997).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring in part and in the result):

I agree with the majority opinion, except with respect to Issue III. I concur in the result in Issue III, and with the majority's reliance on the good faith exception. I disagree, however, with that portion of the majority opinion that would suggest the search warrant could be sustained upon a finding of probable cause.

In the present case, the pertinent information was provided by the victims. They had not seen the material sought under the warrant during the previous 5 years, and they had never seen the material at the residence that was the subject of the search. Under these circumstances, the 5–year time lapse stretches the boundaries of reasonableness too far.

The statement provided by the investigative psychologist, profiling appellant as "sexually indiscriminate" of "try-sexual,"[1] does not "bridge the gap" between the sighting and the search to save the stale information. Although profiles may be used as a factor to establish probable cause, *see United States v. Rugh*, 968 F.2d 750 (8th Cir.1992), the cases cited by the Government involved gaps of less than 2 years between the sighting of evidence and application for a warrant. *See United States v. Lacy*, 119 F.3d 742 (9th Cir.1997); *United States v. Harvey*, 2 F.3d 1318 (3rd Cir.1993). In my view, these cases represent the outer boundaries of the use of profile evidence to "bridge the gap" and they do not warrant a finding of probable cause in the present case.

---

1. The psychologist's affidavit, included with the application for the search warrant, categorized appellant as " 'sexually indiscriminant' or 'try- sexual' (meaning they will try anything plus everything sexual)."