****CORRECTED COPY – DESTROY ALL OTHERS****

## UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Technical Sergeant JUSTIN L. FETROW**
**United States Air Force**

**ACM 38631**

**__ M.J. __**

**21 January 2016**

Sentence adjudged 13 February 2014 by GCM convened at Frances E. Warren Air Force Base, Wyoming.  Military Judge:  Matthew P. Stoffel.

Approved Sentence:  Dishonorable discharge, confinement for 25 years, and reduction to E-1.

Appellate Counsel for Appellant:  Captain Johnathan D. Legg and C. Ed Massey (civilian counsel).

Appellate Counsel for the United States:  Major Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, BROWN
Appellate Military Judges

PUBLISHED OPINION OF THE COURT

BROWN, Judge:

At a general court-martial composed of officer and enlisted members, Appellant was convicted, contrary to his pleas, of attempted abusive sexual contact with a child, attempted aggravated sexual abuse of a child, abusive sexual contact with a child, and four specifications of aggravated sexual contact with a child, in violation of Articles 80

and 120, UCMJ, 10 U.S.C. §§ 880, 920.[1]  All offenses resulting in a conviction were based on the version of Article 120 that was in effect for misconduct occurring between 1 October 2007 and 27 June 2012. The court sentenced Appellant to a dishonorable discharge, confinement for 25 years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the adjudged sentence except for the forfeitures.

On appeal, Appellant raises five issues:  (1) the military judge improperly admitted the testimony of Appellant's biological daughter as Mil. R. Evid. 414 propensity evidence, (2) the finding as to Specification 2 of Charge III was ambiguous when the military judge granted a motion for a finding of not guilty that removed "divers" from the specification, (3) the evidence was legally and factually insufficient, (4) the sentence was inappropriately severe, and (5) the case was subjected to unlawful command influence.[2] Appellant also submitted a petition for a new trial, citing to an affidavit from the testifying victim where she recanted her in-trial testimony.  As to the first issue, we agree that the military judge erred in admitting evidence under Mil. R. Evid. 414 and that this error prejudiced a substantial right of Appellant.  As a result, it is unnecessary for us to address the remaining issues or the petition for a new trial at this time.

*Background*

As of the trial date, Appellant and his wife, Mrs. JNF, had been married nine years.  Appellant and his wife had a blended family consisting of six children.  Appellant brought two children into the marriage, Mrs. JNF brought two children into the marriage, and Appellant and Mrs. JNF had two biological children together. The allegations of sexual abuse in this case involved the two children that Mrs. JNF brought into the marriage, JB and JH.

In January 2013, JH reported to a school counselor that Appellant sexually abused her.  During the course of this investigation, her sister, JB, made allegations that Appellant had also previously sexually abused her.  By the time of trial, however, JH recanted her allegations against Appellant and did not testify in the findings or sentencing portions of the trial.

The Government's primary evidence in this case was the testimony of JB.  She testified to two distinct periods of time:  one period, six years earlier, when Appellant reportedly sexually abused her when her family lived in South Carolina, and another, two

---

[1] Appellant was found not guilty of four specifications of sexual abuse of a child, in violation of Article 120b, UCMJ, 10 U.S.C. § 920b.  Appellant was also found not guilty of a specification of aggravated sexual contact with a child, abusive sexual contact with a child, and indecent acts with a child, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934.

[2] The allegation of unlawful command influence was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

years earlier, when the family lived in Wyoming. She also testified regarding three incidents when Appellant reportedly sexually abused JH in her presence.

Appellant was ultimately found guilty of all the incidents that JB testified to regarding abuse that occurred to her, as well as the incidents of sexual abuse involving JH that JB testified occurred in her presence.

*Admission of Mil. R. Evid. 414 Evidence*

Appellant asserts that the military judge erred by admitting certain evidence of uncharged conduct involving Appellant and his biological daughter, JLF, under Mil. R. Evid. 414.

At issue was the admission of testimony from Appellant's now 17-year-old biological daughter, JLF, about three incidents that occurred with her father. These incidents were entirely unrelated to the abuse alleged by JB. Appellant filed a timely motion in limine objecting to the admission of the evidence. After a hearing, the military judge denied the defense motion. The military judge set out his analysis in a written ruling. The military judge's findings of fact are not clearly erroneous and we therefore adopt his findings for purposes of our appellate review. *See United States v. Bare*, 63 M.J. 707, 710 (A.F. Ct. Crim. App. 2006).

The military judge made the following findings of fact regarding the three incidents:

> [1] The first alleged incident JLF described took place at or near Charleston, South Carolina, sometime between June 2001 and December 2001. She stated that on one occasion while she was approximately 3–4 years of age and living with the Accused, the Accused placed her in a bedroom closet while he had sex with a woman.
>
> She believed they were having sex because both the Accused and the woman were naked and were "humping." While the Accused and the woman were engaged in sexual activity, JLF was able to see the sexual activity because the closet door was slightly open. . . .
>
> [2] JLF also stated that on one occasion around the same time, the Accused touched her on her upper thigh. The touching allegedly occurred while JLF and the Accused built tents made of blankets. No other adult was present when the touching occurred, JLF described the touch as seductive in nature and explained that the Accused touched her knee with

his hand and moved his hand slowly up her leg. JLF became visibly upset while testifying regarding this incident.

[3] JLF also described an incident where she saw the Accused's penis. This occurred in Summerville, South Carolina, while she was approximately 8–9 years old. JLF was spending the summer with the Accused, though she normally lived with her mother . . . . On this occasion, the Accused exposed his penis to JLF while in the bathroom of their residence while running bathwater. The Accused had removed his pants, and while sticking his foot in the bathtub, he moved his foot quickly and made a comment about the water being too hot. The Accused still was wearing his shirt. Shortly thereafter, someone walked into the house, and the Accused told JLF to leave. At a later point, the Accused questioned JLF on whether she laughed when she saw his penis.

Mil. R. Evid. 414 permits the admission of evidence of "any other offense of child molestation" to show propensity to commit a charged act of "child molestation." A military judge must make three threshold findings: (1) the accused must be charged with an offense of child molestation as defined by Mil. R. Evid. 414, (2) the proffered evidence must be evidence of the accused's commission of another offense of child molestation as defined by Mil. R. Evid. 414, and (3) the evidence must be relevant under Mil. R. Evid. 401 and 402.[3] *United States v. Yammine,* 69 M.J. 70, 73–74 (C.A.A.F. 2010). On appeal, we review de novo whether the prior act meets the threshold requirements of Mil. R. Evid. 414. *Bare*, 63 M.J. at 710; *Yammine*, 69 M.J. at 73.

The intent of Mil. R. Evid. 414 is to provide for more liberal admissibility of character evidence in criminal cases of child molestation. *See* Drafter's Analysis, *Supplement to the Manual for Courts-Martial, United States*, app. 22 at A22-43 (2012 ed.). This liberal admissibility standard applies to conduct that meets the definition of "child molestation" under Mil. R. Evid. 414. As to whether conduct constitutes a qualifying offense of "child molestation," however, we apply the text of the rule strictly.

---

[3] If the prior act meets the three threshold requirements for admissibility under Mil. R. Evid. 414, the trial judge is constitutionally required to conduct a Mil. R. Evid. 403 balancing test, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). Some of the factors to be examined include the strength of proof of the prior act(s), the probative weight of the evidence, the potential to use less-prejudicial evidence, the potential to distract the factfinder, the time needed to prove the prior act(s), temporal proximity, frequency, the presence or lack of intervening circumstances, and the relationship between the parties. *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000).

*Yammine*, 69 M.J. at 75; *cf. United States v. Bird*, 372 F.3d 989, 992 (8th Cir. 2004) (stating that propensity evidence must fit into one of the offenses proscribed by the evidentiary rule).

The military rule provides an exclusive list of offenses that qualify as "offense[s] of child molestation." *Yammine*, 69 M.J. at 75 (quoting *United States v. Schroder*, 65 M.J. 49, 53 (C.A.A.F. 2007)) (internal quotation marks omitted) (alteration in original). Thus, the conduct "must fall within the specific definition of an offense of child molestation set out in Mil. R. Evid 414" to be properly admitted under Mil. R. Evid 414. *Id.* (quoting *Schroder*, 65 M.J. at 53) (internal quotation marks omitted).

Since the first version of Mil. R. Evid. 414 was promulgated in 1998, the analysis of the rule noted that it was nearly identical to its Federal Rule counterpart, though tailored to military practice. *See* Drafter's Analysis, *Supplement to the Manual for Courts-Martial, United States*, app. 22 at A22-43 (2012 ed.). Rather than incorporating by reference conduct prohibited by specific statutes as the federal rule did, the military rule through 2013 described the covered conduct generically and without reference to any particular criminal statute.[4] On at least one occasion, however, this approach resulted in an outcome where misconduct that would constitute "child molestation" under Fed. R. Evid. 414 did not constitute "child molestation" under the military rule. *See Yammine*, 69 M.J. at 75–76 (stating that possession of child pornography would not necessarily constitute "child molestation" under Mil. R. Evid. 414, despite it being so under Fed. R. Evid. 414).

In May 2013, Mil. R. Evid. 414 ("Evidence of similar crimes in child molestation cases") was amended to even more closely follow Fed. R. Evid. 414 by expanding the definition of "child molestation" to include the same federal criminal statutes referenced in the Federal Rule counterpart.

Currently, "child molestation" is defined as an "offense punishable" under the Uniform Code of Military Justice, or a crime under federal law or state law "that involves":

---

[4] The original rule defined the "offense of child molestation" as "an offense punishable under the Uniform Code of Military Justice, or a crime under Federal law or the law of a State that involved—(1) any sexual act or sexual contact with a child proscribed by the Uniform Code of Military Justice, Federal law, or the law of a State; (2) any sexually explicit conduct with children proscribed by the Uniform Code of Military Justice, Federal law, or the law of a State; (3) contact between any part of the accused's body, or an object controlled or held by the accused, and the genitals or anus of a child; (4) contact between the genitals or anus of the accused and any part of the body of a child; (5) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child; or (6) an attempt or conspiracy to engage in conduct described in paragraphs (1) through (5) of this subdivision." *Manual for Courts-Martial, United States,* pt. III, (1998 ed.). It also provided definitions of "sexual act," "sexual contact" and "sexually explicit conduct." *Id.* The rule remained substantively unchanged until 2013.

(A)   any conduct prohibited by Article 120 and committed with a child;

(B)   any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;

(C)   any conduct prohibited by 18 U.S.C. chapter 110;

(D)   contact between any part of the accused's body, or an object held or controlled by the accused, and a child's genitals or anus;

(E)   contact between the accused's genitals or anus and any part of a child's body;

(F)   contact with the aim of deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or

(G)   an attempt or conspiracy to engage in conduct described in subdivisions (d)(2)(A)–(F).

Mil. R. Evid. 414 (d)(2).[5]   Therefore, as of May 2013, the only remaining substantive differences to the federal rule are (1) the inclusion of the provision incorporating "conduct prohibited by Article 120 and committed with a child" and (2) defining a child as a person below the age of 16.[6]

*What Constitutes "Child Molestation" under Mil. R. Evid. 414?*

To answer this question regarding what is admissible as "similar crime" evidence, we must interpret both the meaning of "an offense punishable under the Uniform Code of Military Justice, or a crime under federal or under state law" and the meaning of "that involves any conduct prohibited by Article 120 and committed with a child." Mil. R. Evid. 414(d)(2)(A).   We conclude that the two portions of this rule are focused on

---

[5] This version of Mil. R. Evid. 414 went into effect in May 2013, after Appellant's alleged crimes but prior to Appellant's trial.  Exec. Order No. 13643, 78 Fed. Reg. 29559 (May 15, 2013).

[6] Fed. R. Evid. 414(d)(2) defines a child as a person below the age of 14 and "child molestation" as a crime under federal law or under state law involving:
   (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
   (B) any conduct prohibited by 18 U.S.C. chapter 110;
   (C) contact between any part of the defendant's body–or an object–and a child's genitals or anus;
   (D) contact between the defendant's genitals or anus and any part of a child's body;
   (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
   (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)–(E).

different concerns and, therefore, one must look to both the law in effect at the time of the prior conduct and the law when the evidence is offered to determine whether conduct constitutes an offense of "child molestation" under the rule.

Appellant argues that what constitutes an offense of "child molestation" for admission as a "similar crime" under Mil. R. Evid. 414 is determined by whether the conduct was a crime at the time that conduct occurred. Appellant points to the language of Mil. R. Evid. 414 which consistently has required the propensity incident to be an "offense punishable" under the Uniform Code of Military Justice (or a crime under federal or state law), and argues this necessarily implies the conduct must have been an offense at the time the conduct occurred.

Certain canons of statutory construction advise courts to interpret statutes and rules in a way that avoids rendering any language superfluous, and "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *United States v. Menasche*, 348 U.S. 528, 538–39 (1955)) (internal quotation marks omitted). "[W]ords should be given their common and approved usage." *See United States v. McCollum*, 58 M.J. 323, 340 (C.A.A.F. 2003) (quoting *United Scenic Artists v. NLRB*, 762 F.2d 1027, 1032 n.15 (D.C. Cir. 1985)) (internal quotation marks omitted). Courts should also avoid redundancy unless doing so would create a strained or contorted reading of the statute or rule. *See Gustafson v. Alloyd Co*., 513 U.S. 561, 574 (1995) (instructing courts to "avoid a reading [of statutory language] which renders some words altogether redundant); *Parker v. Califano*, 561 F.2d 320, 325 (D.C. Cir. 1977) (noting the "familiar principle that statutory language should be construed so as to avoid redundancy"); *Murphy Exploration & Prod. Co. v. Dept. of Interior,* 252 F.3d 473, 481 (D.C. Cir. 2001). There is also a general preference against surplusage; that is, excessive or nonessential language. *See Lamie v. United States Tr.,* 540 U.S. 526, 536 (2004). That preference, however, is constrained by the requirement that a construction avoiding surplusage must be a reasonable one. *Jarecki v. G.D. Searle & Co*., 367 U.S. 303, 307–08 (1961) ("The statute admits a reasonable construction which gives effect to all of its provisions. In these circumstances we will not adopt a strained reading which renders one part a mere redundancy."). Thus, even if a rule or statute is interpreted in a manner that results in redundancy, it would not be a reason to interpret it in a manner that is not plausible.

Applying these concepts to this situation, we find Appellant's argument persuasive as to the meaning of "offense punishable" under the UCMJ and the meaning of a "crime" under federal or state law. For an offense to be "punishable" under the law, it is reasonable to conclude that the pertinent incident must have been against the law when the conduct occurred. If the incident did not constitute an offense at the time of the conduct, it was lawful conduct and not a crime that could be punished under the UCMJ or

federal/state law. Therefore, the conduct must have been a UCMJ offense, a federal crime or a state crime when the conduct occurred.[7] This recognizes that the *illegality* of the prior conduct is important when determining whether it creates a propensity to engage in charged criminal conduct. If the President intended otherwise, one would expect he would have used language that made this intent clear. Our interpretation gives plain meaning to the term "offense punishable" and "crime" in Mil. R. Evid. 414(b)(2). It is also consistent with the title of Mil. R. Evid 414 ("similar *crimes* in child-molestation cases") and the instruction provided to panel members when such evidence is introduced (which repeatedly uses the word "uncharged *offense*"), as well as our superior court's admonition that courts are to apply the text of the rule strictly. *Cf. Yammine*, 69 M.J. at 75.

This conclusion, however, does not end the inquiry. To be admissible under Mil. R. Evid. 413, the "similar crime" incident must also involve *conduct* listed in the current version of Mil. R. Evid. 414(d)(2)(A)–(G). *Cf. United States v. Blazek*, 431 F.3d 1104 (8th Cir. 2005) (prior misconduct was admissible under Fed. R. Evid. 413, despite the conduct actually being prosecuted under a state statute not incorporated into the rule, because the underlying conduct was prohibited by an incorporated statute). As to this second inquiry, the focus is on the underlying conduct itself. Because the definitions listed in Mil. R. Evid. 414 are an exclusive list of the offenses that qualify for admission as "similar crimes" under the rule, a "similar crime" incident must be within those definitions before being admitted into evidence. *See Yammine*, 69 M.J. at 75.

The current version of Mil. R. Evid. 414, along with its incorporated criminal statutes within it, constitute the Congressional and executive's current determinations of what criminal conduct is potentially relevant for propensity to commit an offense of child molestation. If certain criminal conduct is potentially relevant to an accused's propensity to commit an offense of child molestation, it should matter little that the crime was only recently included as prohibited conduct under the rule. As the underlying criminal conduct is the same, so is its relevance to an accused's propensity to commit an offense of child molestation.[8] Consequently, to the extent that the conduct in Mil. R. Evid. 414(d)(2) incorporates a particular statute as prohibited criminal conduct, such as incorporating Article 120, 18 U.S.C. chapter 109A, or 18 U.S.C. chapter 110, the rule references conduct that would constitute a crime under those statutes in effect on the day

---

[7] It is not necessary, however, that the conduct resulted in a conviction, was officially charged, or even that it could currently result in a criminal conviction at the time of trial. *See United States v. Henley*, 53 M.J. 488, 490 (C.A.A.F. 2000) (holding that evidence of sexual misconduct that cannot be charged because of the statute of limitations would not bar admissibility of the conduct under Mil. R. Evid. 413 or 414).

[8] Though the conduct would remain relevant under Mil. R. Evid. 401 and 402, temporal proximity to the charged offense is a factor in the Mil. R. Evid. 403 balancing test and might very well result in its exclusion at that stage of the analysis. *See United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000).

of trial.[9]  Such an approach appropriately keeps the focus on the details of the "similar crime" at issue, and whether that crime is relevant to a charged offense of child molestation before the court.

In addition to giving full force and effect to every word in the evidentiary rule, this interpretation also avoids turning the "offense punishable" portion of the definition into an unnecessary redundancy when the "similar crime" conduct also falls within one of the categories of conduct found in Mil. R. Evid. 414(d)(2)(A)–(C).  The first portion of the "child molestation" definition requires that the act must be an offense punishable under the UCMJ, or a crime under federal or state law.  The first three provisions of the second portion of the definition, though, define "child molestation" as involving conduct that is prohibited by three specific statutes—Article 120 of the UCMJ, 18 U.S.C. chapter 109A, or 18 U.S.C. chapter 110.  As to these three provisions, if one interpreted both portions of the definition as asking whether the conduct constituted a "crime" at the time of the conduct, it would make the first portion of the definition redundant as there would not be a situation where conduct would be prohibited by one of the three statutes, yet not an "offense punishable" by any provision of the UCMJ, or a crime under federal or state law.

As we have interpreted the rule, however, both portions of the definition serve different purposes and thus ask different questions.  The first portion ensures the conduct was a crime, in the broadest sense, when it occurred.  This avoids a situation where an individual's lawful conduct is later classified as a "similar crime" and used as evidence of his propensity to commit the crime of child molestation.  The second portion addresses the admissibility of that criminal conduct based on how it is defined by the rule when the evidence is offered at trial.  This represents the Congressional and executive's current understanding of what prior criminal actions are potentially relevant in a court-martial involving charges of child molestation.  This two-step approach gives the maximum effect to each and every word of the evidentiary rule, while still avoiding an implausible, strained, or contorted result.

---

[9] Contrary to Appellant's assertions, this does not violate Appellant's constitutional right against ex post facto laws. U.S. CONST. art I, § 9, cl. 3.  This is a rule of evidence as to what conduct could be admitted as propensity evidence in a child molestation case.  Appellant is not being prosecuted or punished for the prior conduct and the panel was instructed accordingly.  Legislative enactments creating procedural rules which merely permit members to consider certain types of evidence for certain purposes do not raise ex post facto concerns.  *Thompson v. Missouri*, 171 U.S. 380, 387 (1898).  Only changes in evidentiary rules which permit conviction on less or different testimony than the law required at the time of conviction violate the ex post facto clause.  *See Carmell v. Texas*, 529 U.S. 513, 522–25 (2000) (holding that an evidentiary rule removing the requirement of corroboration for certain offenses constituted a violation of the ex post facto clause of the Constitution because, based on the law at the time the crime was committed, the evidence would have been legally insufficient to sustain a conviction); *Calder v. Bull*, 3 U.S. 386, 390 (1798).

*Application of Mil. R. Evid. 414 to the Three Incidents*

We now turn to the case at bar to determine whether the three incidents at issue were properly admitted as "similar crimes" under Mil. R. Evid. 414. The three threshold questions are: (1) whether the accused is charged with an offense of child molestation under Mil. R. Evid. 414, (2) whether the proffered evidence is evidence of a qualifying offense of child molestation under Mil. R. Evid. 414, and (3) whether the evidence is relevant under Mil. R. Evid. 401 and 402. As to these three questions, the only question in reasonable dispute, and raised by Appellant as error, is whether the proffered evidence is a qualifying offense of "child molestation" under Mil. R. Evid. 414.

As to all three incidents, the military judge found there was sufficient evidence for the finder of fact to conclude that Appellant committed the alleged conduct and that such conduct constituted "sexual abuse of a child in violation of Article 120 and 120b" based on the versions of those offenses in effect on the day of trial. The military judge also concluded that the first and third incidents would constitute an indecent exposure under the pre-1 October 2007 version of Article 134, and the second incident would constitute an indecent act with a child under the pre-1 October 2007 version of Article 134. He thus found them all to be similar crimes of child molestation admissible under Mil. R. Evid. 414.

*Indecent Act with a Child—Incident 2*

As previously discussed, Mil. R. Evid. 414 sets forth a two-part test to determine whether proposed "similar crimes" constitute "child molestation": (1) whether the conduct constitutes a punishable offense under the UCMJ, federal law, or state law when the conduct occurred; and (2) whether the conduct is encompassed within one of the specific categories set forth in Mil. R. Evid. 414(b)(2).

Accordingly, we first consider whether Appellant touching his four-year-old biological daughter on the thigh in a "seductive manner" constitutes a punishable offense under the UCMJ, federal law, or state law when the conduct purportedly occurred. At the time of this conduct in approximately 2001, the offense of an indecent act with a child under Article 134, UCMJ, had the following elements:

> (1) That the accused committed a certain act upon or with the body of a certain person;
>
> (2) That the person was under 16 years of age and not the spouse of the accused;
>
> (3) That the act of the accused was indecent;

(4) That the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and

(5) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 87.b.(1) (2005 ed.).

In this context, "indecent" conduct "signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to elicit lust and deprave the morals with respect to sexual relations." *MCM,* pt. IV, ¶ 90.c. (2005 ed.). "An act that may not be indecent between consenting adults may well be made indecent because it is between an adult and a child." *United States v. Strode*, 43 M.J. 29, 32 (C.A.A.F. 1995).

Here, JLF, who remained supportive of Appellant at trial, described an incident when she was four years old and playing with Appellant. JLF recalled that, while they were alone, Appellant touched her thigh in a "slow manner" that did not feel right to her at the time.[10] She described it at trial as a "seducing" type of touch. There was nothing apparent from the situation that would have explained why Appellant would have touched his daughter in the manner described. As the military judge noted, one might expect a father to touch his child a multitude of times on the thigh and leg in the course of normal parent-child interactions. Despite this, however, this particular touch was so different from the others that JLF still recalled it 13 years later at trial. Considering the surrounding facts and circumstances, there was sufficient evidence for the military judge to conclude that the touching was indecent and that it was done with the intent to arouse the lust, passions, or sexual desires of Appellant and/or JLF. *See United States v. Webb*, 1991 CMR Lexis 817 (N.M.C.M.R. 1991) (unpub. op.) (upholding a conviction for indecent act with a child when the accused touched a 9-year-old's thigh during a game of hide and seek when the circumstances suggested the touching was done with the intent to gratify his lust). This purported conduct by Appellant therefore constitutes an offense punishable under the UCMJ when it was allegedly committed, and the first portion of the two-part test is satisfied.

---

[10] In addition, in JLF's statement to investigators a year earlier, she recalled that after Appellant touched her legs in a sexual way, he would tell her not to tell anyone. This was provided as an attachment to the defense's motion in limine to assist the trial judge in determining the admissibility of this prior conduct under Mil. R. Evid. 414. JLF did not, however, testify to this during the motions hearing or before the members.

We next consider whether the conduct currently falls within the exclusive list of prohibited conduct found in the current rule. As to this question, the military judge concluded that the conduct constituted "sexual abuse of a child in violation of Article 120 and Article 120b." This conclusion is erroneous as the offense of "sexual abuse of a child" is not a violation of Article 120. Furthermore, although "sexual abuse of a child" *is* an offense under Article 120b, offenses under that statute are not specifically incorporated into Mil. R. Evid. 414(d)(2) as "child molestation" offenses.

Mil. R. Evid. 414(d)(2)(A) currently incorporates any conduct that is "prohibited by Article 120 and committed with a child." The reference to "Article 120" (which is entitled "rape and sexual assault generally") does not encompass Article 120b. Article 120 and Article 120b are separate and independent statutory provisions.

To interpret the rule's reference to Article 120 more broadly than written, so that it also incorporates Article 120a, Article 120b, and Article 120c, would result in a counter-intuitive and an unprecedented expansion of what constitutes "similar crime" evidence in child molestation cases. For example, such a reading would convert a non-sexual stalking offense involving a child under Article 120a into a potential "similar crime" under Mil. R. Evid. 414. If the President's intent was to significantly expand what types of conduct can be considered for admission for these purposes in the military, or to further differentiate the military rule from the federal rule, one would expect that it would be done explicitly and clearly.[11] *Cf. United States v. McCollum*, 58 M.J. 323 (C.A.A.F. 2003) (stating that given the significant legal and policy considerations of reading a de facto child exception into Mil. R. Evid. 504, the court would have expected such an intent "to be represented in express language, rather than pressed or squeezed from the present text"). Regardless of whether Appellant's touching of his daughter's thigh might constitute conduct currently prohibited by Article 120a, Article 120b, or Article 120c, the conduct "must fall within the specific definition of an offense of child molestation set out in [Mil. R. Evid.] 414" to admit it as child molestation propensity evidence. *Yammine*, 69 M.J. at 75 (quoting *Schroder*, 65 M.J. at 53) (internal quotation marks omitted). Consequently, the military judge erred as "sexual abuse of a child" is not an offense under Article 120 and Mil. R. Evid. 414 does not incorporate conduct prohibited by Article 120b.

This does not end our inquiry, however, as we review de novo whether an offense is a qualifying offense under Mil. R. Evid. 414. *See Yammine*, 69 M.J. at 73. Upon our review of the evidence and the military judge's findings of fact, we conclude that the Appellant touching his four-year-old daughter's thigh in a seductive manner *could*

---

[11] There is a current proposal to amend Mil. R. Evid. 414(d)(2)(A) to add "or prohibited by Article 120b" to the "conduct prohibited by Article 120 and committed with a child" language. Manual for Courts-Martial; Proposed Amendments, 80 Fed. Reg. 63204 (Oct. 19, 2015).

constitute an abusive sexual contact under Article 120.[12]  We agree with the military judge's  application of Mil. R. Evid. 403 to the admission of this evidence under Mil. R. Evid. 403 and thus we find this evidence was properly admitted under Mil. R. Evid. 414.

*Indecent Exposures—Incidents 1 and 3*

We next turn to the two incidents that involved Appellant purportedly exposing himself to his biological daughter.  We again look to the two-part test to determine whether either of Appellant's purported exposures to his biological child would constitute a qualifying offense of "child molestation" under Mil. R. Evid. 414.  The two-part test is again:  (1) whether the conduct constitutes a punishable offense under the UCMJ, federal law, or state law when the conduct occurred; and (2) whether the conduct is encompassed within one of the specific categories set forth in Mil. R. Evid. 414(d)(2).  We address the second portion of the test first, as we conclude that neither of these exposures falls within the specific categories of prohibited conduct in Mil. R. Evid. 414(b)(2), and thus these incidents should not have been admitted under that rule.

At the time of the trial, as well as when Mil. R. Evid. 414 was amended in 2013, there were four specifically enumerated offenses under Article 120:  rape, sexual assault, aggravated sexual contact, and abusive sexual contact.  All four of these offenses require, as an element, either a sexual act or a sexual contact.  *MCM,* pt. IV, ¶ 45. (2012 ed.).  A sexual act and a sexual contact require either physical contact, bodily penetration, or touching.  As the two indecent exposures at issue here did not include a touching of any sort, the incidents did not meet the definition of sexual contact and, therefore, were not prohibited by Article 120.

We next consider whether the conduct is covered by any other portion of Mil. R. Evid. 414(d).  Indecent exposure is not conduct punishable by 18 U.S.C. chapters 109A or 110.  *See* Mil. R. Evid. 414(d)(2)(B)–(C).  The next three provisions, Mil. R. Evid. 414(d)(2)(D)–(F), require specific types of contact between a perpetrator and a child.  Such contact did not occur with either of these exposures by Appellant.  Finally, the last provision of the rule includes conduct that constitutes an attempt or conspiracy to engage in "sexual molestation" offenses under the rule.  Mil. R. Evid. 414(d)(2)(G).  There is insufficient evidence to show Appellant attempted to or conspired to engage in any of the specifically prohibited conduct under the rule.  *Cf. United States v. Bird*, 372 F.3d 989, 993 (8th Cir. 2004) (noting mere solicitation is generally insufficient to constitute an attempted sexual act).  Consequently, an indecent exposure to a child, under the facts of

---

[12] Appellant cites to *United States v. Schroder*, 65 M.J. 49 (C.A.A.F. 2007), for the proposition that touching a person's thigh, unless it was the inner thigh, does not constitute a sexual contact under the rule.  *Schroder*, however, addressed a prior version of Mil. R. Evid. 414 that defined a sexual contact as an intentional touching of the genitalia, anus, groin, breast, *inner thigh*, or buttocks of any person.  The current rule, however, incorporates by reference conduct prohibited by Article 120.  Sexual contact under Article 120 is defined more expansively to include touching of any body part of a person with the requisite intent.

this case, does not constitute an offense of "child molestation" that is admissible as a "similar crime" under Mil. R. Evid. 414.

This conclusion is also consistent with the intent of Mil. R. Evid. 414. The rule is intended to closely follow Fed. R. Evid. 414. *See* Drafter's Analysis, *Supplement to the Manual for Courts-Martial*, *United States*, app. 22 at A22-43 (2012 ed.). Absent additional amendments to Mil. R. Evid. 414, it is to be expected that conduct considered "child molestation" under the current version of Mil. R. Evid. 414 will closely mirror conduct that is considered "child molestation" under Fed. R. Evid. 414. *See generally* Report of the Military Justice Review Group (MJRG) Part I: UCMJ Recommendations (22 December 2015).[13] This court was unable to find a federal case that concluded that an indecent exposure as described in this case would constitute child molestation for purposes of Fed. R. Evid. 414. A plain reading of the federal rule is that an indecent exposure without contact does not constitute "child molestation." A similar result under the now nearly identical military rule is to be expected.

In conclusion, indecent exposure without physical contact does not constitute "child molestation" for purposes of Mil. R. Evid. 414 as it is currently drafted.[14] Because the military judge's view of the law with respect to a qualifying offense under Mil. R. Evid. 414 was erroneous, he abused his discretion by admitting testimony regarding the two indecent exposures even though he otherwise recognized and applied the correct standards. *See Yammine* 69 M.J. at 76 (citing *United States v. Rader*, 65 M.J. 30, 32–34 (C.A.A.F. 2007)).

### *Prejudice Analysis*

Finding error in the admission of testimony regarding the two incidents of indecent exposure, we must next test for prejudice. We review de novo whether a non-constitutional error had a substantial influence on the members' verdict in the context of the entire case. *United States v. Harrow*, 65 M.J. 190, 200 (C.A.A.F. 2007). In answering this question, "[w]e consider four factors: (1) the strength of the government's case; (2) the strength of the defense's case; (3) the materiality of the evidence in question; and (4) the quality of the evidence in question. *Id.* "When a fact was already obvious from testimony at trial and the evidence in question would not have provided any new

---

[13] The Department of Defense General Counsel established the Military Justice Review Group (MJRG) with one of the five guiding principles being to "consider the extent to which the principles of law and rules of procedure and evidence used in the trial of criminal cases in the United States district courts should be incorporated into military justice practice." Report of the Military Justice Review Group Part I: UCMJ Recommendations, at 5–6 (22 December 2015).

[14] The proposed modification to Mil. R. Evid. 414 adding Article 120b, UCMJ, as an offense of child molestation would arguably capture Appellant's indecent conduct as "sexual abuse of a child." This, however, would mark an expansion from the federal rules as to conduct that constitutes "child molestation" for purposes of propensity evidence in a child molestation case. Whether such an expansion is warranted is not for this court to decide.

ammunition, an error is likely to be harmless. Conversely, when the evidence does provide new ammunition, an error is less likely to be harmless." *Yammine*, 69 M.J. at 78 (quoting *Harrow*, 65 M.J. at 200) (internal quotation marks and elipses omitted).

With regard to the strength of the Government's case, it was based primarily on the testimony of one witness, JB, regarding conduct that purportedly happened two to six years earlier. This was a delayed accusation of abuse and, as such, JB was unable to provide specific dates for the alleged conduct. Her testimony was apparently unemotional, as the Government provided testimony from an expert in the field of child sexual abuse who explained to the members that neither the victim's delayed disclosures, nor her lack of emotion, are unusual in these types of cases. There also was not any scientific or physical evidence that corroborated the allegations. The other sister, JH, recanted prior to trial and did not testify before the members. Though admission of the thigh-touching incident was not an abuse of discretion, and could have been used for propensity purposes, that lone incident was the least helpful of the three for the Government since, when viewed alone, it could be more easily interpreted in varying ways by the members.

The defense, on the other hand, did raise a partial alibi defense to the late 2007 allegations, arguing that Appellant was out of town and the children were staying with family in Texas during these alleged offenses. As to the incidents that purportedly occurred in Wyoming between January 2011 and June 2012, the defense had a family friend testify that they did not notice the children acting unusually. The defense also highlighted JB's failure to testify about Appellant's genital piercing and suggested that it would be unlikely for anyone being intimate with Appellant not to notice such a piercing.

The indecent exposure evidence was also material to the Government's case. As this was a situation where the Government was forced to rely almost exclusively on the testimony of a 17-year-old stepdaughter about what happened years earlier, the Mil. R. Evid. 414 evidence played a significant role in suggesting that Appellant had a prurient sexual interest in his children, that this conduct may have constituted early attempts to groom his children for later sexual activity, and that he was therefore more likely to have committed the offenses testified to by JB. In the prosecution's opening statement, trial counsel highlighted Appellant's two purported indecent exposures to his biological daughter to apparently suggest that Appellant's desires and criminal misdeeds pre-dated the allegations in this trial. In fact, approximately a quarter of trial counsel's opening statement was devoted to the uncharged conduct involving Appellant's biological daughter. In addition, during closing argument, trial counsel began their argument with the Mil. R. Evid. 414 incidents and argued that these types of incidents progressed to the allegations involving JB and JH. This propensity evidence was clearly a critical piece of the Government's case.

Finally, as to the quality of the evidence, the only evidence of the Mil. R. Evid. 414 conduct presented to the members was the in-court testimony of JLF. This testimony lasted approximately an hour. Unlike the testimony of the victim, however, JLF's testimony was apparently emotional and heartfelt. The military judge noted in his Mil. R. Evid. 414 ruling that JLF was visibly upset when testifying about her father's conduct. In addition, JLF told the members that it was very difficult for her to testify because she loved her father. In the context of this case, JLF's testimony about these prior acts was powerful.

The indecent exposure incidents that were improperly admitted as propensity evidence constituted additional ammunition for the Government, and it was ammunition that trial counsel effectively deployed during opening statement and argument on findings. In these circumstances, we cannot hold that the error in its admission was harmless.

*Conclusion*

For the foregoing reasons, the findings of guilt and the sentence are set aside. The record of trial is returned to The Judge Advocate General. A rehearing is authorized.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court